IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SHARON MURPHY d/b/a TIPPO
COUNTRY STORE,                                                           PLAINTIFF/COUNTER-
                                                                                                                              DEFENDANT

VS.                                                                                                           CIVIL ACTION NO. 2:07CV161-P-A

ANTHONY C. ALLISON; FEDERATED
MUTUAL INSURANCE COMPANY; and                   DEFENDANTS/
JOHN DOES 1-10,                                                            COUNTER-PLAINTIFF.

**ORDER**

This matter comes before the court upon the plaintiff's motion to remand [13]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

**A. Factual Background**

The plaintiff filed the instant action on August 8, 2007 in the Chancery Court of Tallahatchie County, Mississippi wherein she names as defendants her insurer, Federated Mutual Insurance Company, and Anthony C. Allison, the man who was allowing her to "rent to own" a certain property which was destroyed by a fire on August 23, 2004. The plaintiff and Mr. Allison are residents of Mississippi whereas Federated is a resident of Minnesota.

The plaintiff's business, Tippo Country Store, was owned and operated by her, though it was housed in a building owned by Mr. Allison. They had an agreement wherein the plaintiff was to purchase the store building provided that she would repair the building and pay $250.00 per month to Mr. Allison and that those monies would be applied to the purchase price of the building. On April 7, 2003 the plaintiff purchased a commercial package insurance policy from Federated Mutual Insurance Company wherein Sharon Murphy d/b/a Tippo County Store was named as the insured.

1

No one else was listed as an insured on the policy. Nevertheless, after the August 23, 2004 fire, Federated issued a check for $20,793.57 payable to Tippo County Store and Anthony C. Allison, not Sharon Murphy. The plaintiff maintains that Mr. Allison refused to endorse the check over to the plaintiff and has claimed the entire proceeds of the check. The plaintiff argues that the essence of her lawsuit is to declare that Mr. Allison has no interest in the insurance proceeds and that Federal should reissue a check to the plaintiff and not to Mr. Allison.

On August 23, 2008 Mr. Allison filed a counterclaim against the plaintiff, alleging that he is entitled to the entire amount of the proceeds of the insurance policy as well as $63,000.00 damages for damage to the building.

The plaintiff's Compliant in Count One appears to seek a declaratory judgment stating that "Sharon Murphy had an insurable interest in the building and ordering Federated Insurance to reissue its check to Allison [sic] Murphy d/b/a Tippo County Store for the damage to the building." The remainder of the Complaint seeks damages against Federated for tortious breach of contract, breach of fiduciary duties, and fraud in the inducement.

On September 24, 2007 Federated removed this case to federal court, asserting diversity jurisdiction and that Mr. Allison was improperly joined as a defendant. Federated argues that the plaintiff's Complaint does not state a claim against Mr. Allison and that all of the relief sought involves only Federated.

The plaintiff filed her motion to remand, arguing that Count One shows that the plaintiff is requesting that the court issue an Order finding that Mr. Allison has no interest whatsoever in the insurance check issued by Federated covering the loss of the business in Tippo County Store. Stated differently, the plaintiff writes in her motion: "Although Murphy is not seeking a monetary judgment

against Defendant Allison, she is requesting that the Court grant relief against him to the effect that he has no interest in the insurance proceeds." Therefore, the plaintiff argues, there is a valid claim against the resident defendant and that if Mr. Allison were not made a party to the action for declaratory judgment, he would not be bound by the decision of the court.

In response to the motion to remand, Federated argues that the only controversy in the plaintiff's Complaint is between herself and Federated. The only declaratory cause of action in Count One of the Complaint requests the court to determine she had an insurable interest in the subject party and that the court should order Federated to reissue the check. Federated argues that Count One makes no mention of Mr. Allison nor does it affect the relationship between the plaintiff and Federated.

### B. Improper Joinder

The burden in this case is upon the defendant to persuade the court of fraudulent, or improper, joinder. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) This burden is a heavy one. *Id.* Furthermore, when dealing with an improper joinder claim the court should not focus on who will ultimately prevail in the action. *Reed v. American General Life & Accident Ins. Co.*, 192 F.Supp.2d 641 (N.D. Miss. 2002). When moving for remand the plaintiff's burden is "much lighter" than that necessary with summary judgment. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981).

There are two ways in which the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since there is no dispute that

3

the resident defendant is indeed a resident of Mississippi, the second test applies in the instant case.

With regard to the second test, the Fifth Circuit in *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. (Miss.) 2004) (en banc) wrote:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.

*Id.* (citing *Travis*, 326 F.3d at 646-7).

The Fifth Circuit in *Hart* wrote that they "have cautioned against 'pretrying a case to determine removal jurisdiction,' [and have stated] that fraudulent joinder claims can be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." 199 F.3d at 246-247 (quoting *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). However, "the court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff' and resolve any contested issues of fact and legal ambiguities in the plaintiff's favor." *Hart*, 199 F.3d at 246.

## C. Conclusion

As discussed above, the removing party bears the burden in demonstrating that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," *Smallwood*, 385 F.3d at 573. Having considered the parties' arguments and the plaintiff's Complaint, the court finds that Federated has met its burden. The plaintiff's Complaint does not seek actual recovery against Mr. Allison. Rather, the plaintiff's claims are solely against

4

her insurer. Count One of the Complaint – which seeks a declaratory judgment that: "Sharon Murphy had an insurable interest in the building and ordering Federated Insurance to reissue its check to Allison [sic] Murphy d/b/a Tippo County Store for the damage to the building."– does not directly involve an actual claim against Mr. Allison. Rather, the relief sought is a declaration that Federated should pay the plaintiff for the claim on the building and an order requiring Federated to do so. Count One does not ask the court to declare that Mr. Allison improperly cashed the insurance proceeds check with his name on it, nor does it ask the court to require Mr. Allison to turn over the proceeds that he received to the plaintiff.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's motion to remand [13] is **DENIED**; and

(2) Anthony C. Allison is dismissed as a defendant in this action, though he remains as a counter-plaintiff against Sharon Murphy.

**SO ORDERED** this the 11th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE